UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FOGGY BOTTOM ASSOCIATION | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 06-746 (PLF) |
| DISTRICT OF COLUMBIA OFFICE OF PLANNING, *et al*., | ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' MOTION TO STAY DISCOVERY

Pursuant to Fed. R. Civ. P. 26(c), Defendants (collectively "the District") hereby move this Honorable Court to stay discovery in this matter pending resolution of defendants' dispositive motion on the grounds that: (1) the issues raised in defendants' dispositive motion are issues of law that do not involve issues of disputed fact; (2) granting defendants' dispositive motion will resolve this case; and (3) plaintiff has yet to state a claim upon which relief can be granted, as its claims here are substantively meritless and entirely local in character. The grounds for this motion are more fully set forth in the accompanying memorandum of points and authorities incorporated by reference herein. A proposed Order also is attached hereto.

Pursuant to LCvR 7(m), undersigned counsel discussed the subject motion with plaintiff's counsel, who did not consent to the relief requested herein.

WHEREFORE, the District respectfully requests that this Honorable Court:

A. Grant the Defendants' Motion to Stay Discovery, and

B. Grant the District such other and further relief as the nature of its cause may require.

DATE: May 23, 2006               Respectfully submitted,

                                        ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

      /s/ Richard S. Love
RICHARD S. LOVE, D.C. Bar No. 340455
Chief, Equity I Section
Office of the Attorney General for the District of Columbia
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6635
Facsimile: (202) 727-0431

      /s/ Andrew J. Saindon
ANDREW J. SAINDON, D.C. Bar No. 456987
Assistant Attorney General
Equity 1 Section
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 727-0431

      /s/ John D. Dodge
JOHN D. DODGE, D.C. Bar No. 451305
Assistant Attorney General
Equity 1 Section
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6627
Facsimile: (202) 727-0431

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FOGGY BOTTOM ASSOCIATION | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 06-746 (PLF) |
| DISTRICT OF COLUMBIA OFFICE OF PLANNING, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF
DEFENDANTS' MOTION TO STAY DISCOVERY

Defendants (all District of Columbia agencies/offices), Office of Planning, Zoning Commission, Department of Health, Department of Consumer and Regulatory Affairs, Historic Preservation Review Board, and the District of Columbia Public Schools (collectively "the District"), by and through undersigned counsel, respectfully submit this Memorandum of Points and Authorities in Support of their Motion to Stay Discovery, pursuant to Fed. R. Civ. P. 26(c).

**I. Introduction**

The Complaint was filed in this matter on April 24, 2005. The District filed a Motion to Dismiss on May 19, 2006.

Plaintiff's counsel has advised the undersigned that he will seek "expedited discovery."

## II. Argument

The discovery rules, as with the entire Federal Rules of Civil Procedure, are designed to achieve "a just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Accordingly, courts are empowered, upon motion and for good cause shown, to "make any order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense," including an order that discovery not be conducted. Fed. R. Civ. P. 26(c). Similarly, a court may alter the sequence and timing of discovery "for the convenience of the parties and witnesses." Fed. R. Civ. P. 26(d).

In light of these general principles, courts should stay discovery when a dispositive motion is pending and the discovery request is immaterial to the issue before the Court. *See, e.g., Chagnon v. Bell*, 642 F.2d 1248, 1265–66 (D.C. Cir. 1980); *Moldea v. New York Times Co.*, 137 F.R.D. 1, 2 (D.D.C. 1990).

As a matter of law, none of the alleged actions by the District here violated the Constitution or other federal or local law, and none of the policy matters, if any, are appropriate for resolution by a federal court. As discussed in defendants' dispositive motion, what plaintiff claims is a breach of its members' constitutional rights is nothing more than an ordinary, local land-use dispute. Plaintiff's claims are essentially "state law claim[s] in federal garb." *Barwood, Inc. v. District of Columbia*, 202 F.3d 290, 294 (D.C. Cir. 2000). "Purged of its spurious constitutional overtones," *United States v. Riverside Bayview Homes, Inc.*, 474 U.S. 121, 129 (1985), this case merely challenges the District's enforcement of its land-use and zoning laws and regulations. "Such a question is not one of constitutional import; it is a question of state law and its resolution is best left to the local courts." *American Towers v. Williams*, 146 F.Supp. 2d 27, 31( D.D.C. 2001).

There is simply no reason to engage defendants in discovery in the instant action, which defendants submit, should be dismissed with prejudice. Staying discovery in the instant case will spare the parties and the Court the time, burden and expense of discovery, which may prove unnecessary.

There are no disputed facts at issue here that could conceivably require discovery; the law and the publicly available record are more than sufficient for plaintiff to oppose—and the Court to decide—the District's motion.[1]

If this Court grants defendants' dispositive motion, that action would negate the need for discovery. The defendants respectfully submit that they have a substantial likelihood of prevailing on their dispositive motion, for the reasons stated therein.

If the motion to dismiss is granted, discovery prior to the Court's decision will result in an unnecessary expenditure of the time, resources, and energy of the parties and the Court. To avoid such an unnecessary expenditure, courts in this and other jurisdictions routinely grant motions to stay discovery until a dispositive motion is decided by the trial court.

In approving a stay of discovery pending resolution of an initial motion, the D.C. Circuit has said that "[w]e are mindful that uncontrolled discovery in the course of insubstantial lawsuits can be a form of harassment that imposes an undue burden on the time and resources of public officials and their agencies." *Chagnon v. Bell*, 642 F.2d 1248, 1266 (D.C. Cir. 1980) (affirming trial court's stay of discovery pending resolution of dispositive motion). *See also Institute Pasteur v. Chiron Corp.,* 315 F. Supp.2d 33, 37 (D.D.C. 2004) ("[i]t is well settled that discovery

---

[1] Indeed, this Court, in a similar, local land-use manner, denied discovery to a plaintiff prior to the resolution of the District's dispositive motion. *See Eastern Trans-Waste of Maryland, Inc. v. District of Columbia*, No. 05-0032 (PLF), Minute Order (Nov. 29, 2005) (granting District's motion to stay discovery).

is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending.") (citing *Anderson v. United States Attorneys Office*, 1992 WL 159186, at *1 (D.D.C. June 19, 1992)); *Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority*, 201 F.R.D. 1, 2 (D.D.C. 2001) (same)). *See also id.*, at 2 ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned and to make the most efficient use of judicial resources.'") (citations omitted).

Cases following the principles enunciated above are legion. *See, e.g.*, *Brennan v. Local Union No. 639*, 494 F.2d 1092, 1100 (D.C. Cir. 1974) (upholding grant of protective order staying discovery until after ruling on summary judgment motion); *White v. Fraternal Order of Police*, 909 F.2d 512, 517 (D.C. Cir. 1998); *Moldea v. The New York Times*, 137 F.R.D. 1 (D.D.C. 1990); *cf. Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Herbert v. Lando*, 441 U.S. 153, 177 (1979).

Of course, whether to stay discovery is committed to the trial court's discretion, but the court in *Chavous* required that the party opposing the stay come forward with some concrete explanation or persuasive reason why the stay should not be granted when a dispositive motion is pending, as it is here. *Chavous*, 201 F.R.D. at 3 (trial court "inevitably must balance the harm produced by a delay in discovery against the possibility that [a dispositive] motion will be granted and entirely eliminate the need for such discovery.") (citation omitted).

There can be no "harm" in a delay in discovery here, as the administrative processes that will, by definition, determine the future course of events here, are ongoing.

Not only is discovery inappropriate here, plaintiff cannot show the need for *expedited* discovery. As explained in the District's dispositive motion, there is simply no "emergency" here

requiring such an accelerated pace of litigation. Plaintiff seeks to enjoin the very administrative process that will give it the review it seeks, a *public process* that will allow it (and any other interested party) access to all documents and/or testimony relevant to its claims, as the administrative record is created.

This Court should follow the compelling and uniform line of authorities, grant the motion for a stay of discovery, and proceed to decide the District's dispositive motion.

### III. Conclusion

Based on the above, the District respectfully requests that this Honorable Court enter an order pursuant to Fed. R. Civ. P. 26(c), to stay discovery pending resolution of the District's dispositive motion.

DATE: May 23, 2006                    Respectfully submitted,

                                      ROBERT J. SPAGNOLETTI
                                      Attorney General for the District of Columbia

                                      GEORGE C. VALENTINE
                                      Deputy Attorney General
                                      Civil Litigation Division

                                           /s/ Richard S. Love
                                      RICHARD S. LOVE, D.C. Bar No. 340455
                                      Chief, Equity I Section
                                      Office of the Attorney General for the District of Columbia
                                      441 Fourth Street, N.W., 6th Floor South
                                      Washington, D.C. 20001
                                      Telephone: (202) 724-6635
                                      Facsimile: (202) 727-0431

       /s/ Andrew J. Saindon
ANDREW J. SAINDON, D.C. Bar No. 456987
Assistant Attorney General
Equity 1 Section
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 727-0431


       /s/ John D. Dodge
JOHN D. DODGE, D.C. Bar No. 451305
Assistant Attorney General
Equity 1 Section
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6627
Facsimile: (202) 727-0431