UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FOGGY BOTTOM ASSOCIATION,<br><br>　　　　Plaintiff,<br><br>　　　　vs.<br><br>DISTRICT OF COLUMBIA OFFICE OF<br>PLANNING, *et al.*,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>) Court No. 06 Civ. 0746 (PLF)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT**

COMES NOW Plaintiff Foggy Bottom Association, by undersigned counsel, pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Court's Expedited Discovery Schedule in this matter, and requests that Defendant produce the following documents upon undersigned counsel at the offices of Bode & Grenier, L.L.P., 1150 Connecticut Avenue, N.W. 9th Floor, Washington, D.C. 20036-4192 within fourteen (14) days of the date of service hereof.

Definitions and Instructions

A.　　Whenever in these Requests a request is framed in the conjunctive, the request should also be interpreted in the disjunctive, and vice versa, so as to interpret the request broadly, rather than narrowly. The singular of a noun should be interpreted as including the plural form, and vice versa.

B.　　The term "communication" as used herein shall include all oral, visual, written, or other sensory means of transmitting information or statements.

C.　　Unless otherwise specified, the terms "you," "your," and "Defendant" as used herein shall refer to the Defendant upon whom these requests were propounded, and shall include all of

**Exhibit 1**

their present and former agencies, divisions, employees, agents, servants, attorneys (to the extent not privileged), consultants, representatives and all other persons acting or purporting to act on their behalf.

  D. As used herein, "document" means all materials so defined in the broadest sense of Fed. R. Civ. P. 34(a), and includes any written, printed, typed, recorded or graphic matter, however produced or reproduced, of any kind or description; any other tangible thing by which information or data is stored, including any writing, drawing, film, graph, chart, photograph, phonograph record, mechanical or electrical sound recording or transcript thereof, computer printout or display; as well as any retrievable data or information (whether in computer storage or on computer hard-drive or disk), and all information carded, taped, coded or stored (electrostatically, electromagnetically or otherwise), and any other data compilation from which this information can be obtained. Without limiting the generality of the foregoing, "document" shall include all computer disks, computer e-mails, computer printouts, correspondence, letters, telegrams, telephone messages, notices, notes of conversations, memoranda, reports, diaries, minutes, recitals, statements, work sheets, abstracts, resumes, summaries, notes, jottings, market data, books, journals, ledgers, audits, charts, diagrams, statutes, regulations, policies, procedures, rules, guidelines, manuals, handbooks, brochures, audio and/or video tapes, training materials, teaching materials, research documents, newspapers, appointment books, desk calendars, and expense reports. It also shall include drafts and non-identical copies of any such documents.

  E. "Identify" or "identification," when used with reference to a natural person, shall mean, without limitation, to state each of the following: (1) the person's full name; (2) the person's present address; (3) the person's present employer, title, and business address; and (4) the person's

employer, title, substantive responsibilities, and business address during the period covered by the request in which such person's identification is sought.

F.  "Identify" or "identification," when used with reference to an entity other than a natural person, shall mean, without limitation, to state each of the following: (1) the entity's full official name; (2) all other names, including any d/b/a(s) by which the entity is known; (3) the entity's present business address(es) and telephone number(s); (4) business address and type of business or activities engaged in by the entity during the period covered by the request in which such entity's identification is sought.

G.  "Identify" or "identification," when used with reference to a fact or occurrence of any kind, shall mean, without limitation, to state each of the following: (1) the date, time, and place (including street address where appropriate) of the fact or occurrence, (2) a description of the circumstances surrounding the fact or occurrence, (3) an identification of all persons who were present at or have any personal knowledge of the fact or occurrence, and (4) the substance of the fact or the occurrence.

H.  "Identify" or "identification," when used with reference to a document, shall mean to state each of the following: (1) a description of the nature of the document, (2) an identification of the person(s) who authored or originated the document, (3) the person(s) to whom the document was sent, (3) an identification of the plaintiff(s) or other person(s) who has possession of the original document, and (4) if the document has been or will be produced by you in this litigation, the identifying number stamped on the document.

I.  To the extent that you object to a request, you should answer or respond to the portion of each document request and part thereof to which you do not object, and separately

identify that part of the document request to which you object, and the specific grounds for each such objection.

J.  If any documents responsive to any request herein or fairly comprised within the scope of the following requests have been lost, destroyed, or are otherwise not able to be located or not presently within your possession, please provide in lieu of a true and correct copy thereof a list of each document so lost, destroyed, not able to be located or not within the possession thereof together with the following information:

1. a description of such document;

2. the date of origin;

3. the author of the document;

4. whether the document was lost, destroyed, unlocatable, or no longer within the possession thereof;

5. the date upon which any such document was lost or destroyed;

6. the substance of the document;

7. the date on which the document was last seen, where it was last seen, and the identity of the person in whose possession the document was last seen; and

8. a brief statement of the manner in which any such document was lost or destroyed.

K.  If you claim privilege as a ground for failing to answer any request or provide any information requested, respond to that part of each such request which, in your view, does not request allegedly privileged information or communications. For each claim of privilege, describe the factual basis for your claim of privilege in sufficient detail to permit the court to adjudicate the validity of the claim, including without limitation, the following information:

1. a brief description of the nature of the information;

2. the name and title of each person who has knowledge of the information;

4

      3.      a brief description of the subject matter of the information; and

      4.      the number of the request to which the information is responsive.

L.      The requests for production herein are continuing in character, so as to require you to timely supplement responses, as provided in Fed. R. Civ. P. 26(e), between the time the answers are served and the time of hearing or trial.

M.      Unless otherwise indicated, the term "Plaintiff" as used herein shall refer to the Plaintiff in this case and, to the extent not privileged, shall include all of its agents, servants, attorneys, consultants, representatives, and all other persons acting or purporting to act on their behalf.

N.      The term "relating" means connected with in any way, referring to, describing, concerning, addressing, dealing with, commenting upon, evidencing or constituting.

O.      The term "students attending GW" shall refer to persons who: 1) participate in any learning activities affiliated with GW; and 2) who physically enter the GW Foggy Bottom campus at least once per year. This term includes, but is not limited to, full-time students, part-time students, undergraduate students, graduate students, students in professional programs, students enrolled in degree-granting programs, students enrolled in non-degree-granting programs, foreign exchange students, English as a second language students, School Without Walls students, students abroad, continuous enrollment students, and Mt. Vernon housed students.

P.      The term "GW" shall refer to The George Washington University, and include all employees, subdivisions, agents, assigns, or persons acting of its behalf.

Q.      The term "environmental quality" shall refer to air quality, pollution levels, noise levels, and automobile traffic density.

  R. The term "Foggy Bottom" shall refer to the District of Columbia neighborhood known as Foggy Bottom and/or the West End.

### DOCUMENTS TO BE PRODUCED

1. All documents relating to any investigation, assessment, measurement, or study of the environmental quality of Foggy Bottom and/or the GW Foggy Bottom campus between 2002 and 2006.

2. All documents relating to all audits or contemplated audits relating to the number of students attending GW for each semester between the Fall 2002 semester and the present. Such documents include, but are not limited to, documents relating to all contracts for such audits, and documents relating to the identity of the party paying for such audit work.

           Respectfully submitted,

           /s/ William Bode
           William H. Bode (Bar No. 113308)
           Peter Grenier (Bar No. 418570)
           Stefan Shaibani (Bar No. 490024)
           BODE & GRENIER, LLP
           1150 Connecticut Avenue, N.W.
           Ninth Floor
           Washington, DC 20036
           Tel: (202) 862-4300
           Fax: (202) 828-4130
           *Attorneys for Foggy Bottom Ass'n*