AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# United States District Court
### DISTRICT OF COLUMBIA

SUBPOENA IN A CIVIL CASE

Foggy Bottom Association    V.    District of Columbia Office of Planning, et al.

CASE NUMBER:1  Civil Action No. 06-0746 (PLF)

To: The George Washington University

SERVE: The George Washington University
Vice President and General Counsel
2100 Pennsylvania Avenue, NW, Suite 250
Washington, DC 20052

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Bode & Grenier, LLP, 1150 Connecticut Ave., NW, Ninth Floor, Washington, DC 20008 | 6/17/2006 at 4:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) William Bode  Attorney for Plaintiff | DATE 5/26/06 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
William H. Bode, Bode & Grenier, LLP, 1150 Connecticut Ave., N.W., 9th Floor, Washington, D.C. 20036, 202-828-4100

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

1 If action is pending in district other than district of issuance, state district under case number.

**Exhibit 3**

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
               Date

_____
Signature of Server

_____
Address of Server

---

RULE 45, Federal Rules of Civil Procedure, Part C & D:
(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney In breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)   (A) A person commanded to produce and permit Inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises, if objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. if objection has been made, the party Serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who Is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)   (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, Is employed or regularly transacts business in person, except that, subject to the provisions of clause (c}(3) (B) (iii) of this rule, such a person may In order to attend trial be commanded to travel from any such place within the state in which the trial Is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(vi) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial Information, or

(ii) requires disclosure of an un-retained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that Cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories In the demand.

(2)   when information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

**Please note that the person or entity to whom the attached subpoena is directed may deliver the document(s) described below at any time prior to June 17, 2006 to: Bode & Grenier, LLP, 1150 Connecticut Ave., N.W., 9th Floor, Washington, D.C. 20036.**

## DEFINITIONS

A.  Whenever herein the description of a document to be produced is framed in the conjunctive, the description should also be interpreted in the disjunctive, and vice versa, so as to interpret the description broadly, rather than narrowly. The singular of a noun should be interpreted as including the plural form, and vice versa.

B.  The term "communication" as used herein shall include all oral, visual, written, or other sensory means of transmitting information or statements.

C.  The term "GW" shall refer to The George Washington University, and include all employees, subdivisions, agents, assigns, or persons acting of its behalf.

D.  Unless otherwise specified, the terms "you," and "your" as used herein shall refer to GW.

E.  Unless otherwise indicated, the term "Plaintiff" as used herein shall refer to the Foggy Bottom Association and, to the extent not privileged, shall include all of its agents, servants, attorneys, consultants, representatives, and all other persons acting or purporting to act on their behalf.

F.  As used herein, "document" means all materials so defined in the broadest sense of Fed. R. Civ. P. 34(a), and includes any written, printed, typed, recorded or graphic matter, however produced or reproduced, of any kind or description; any other tangible thing by which information or data is stored, including any writing, drawing, film, graph, chart, photograph, phonograph record, mechanical or electrical sound

recording or transcript thereof, computer printout or display; as well as any retrievable data or information (whether in computer storage or on computer hard-drive or disk), and all information carded, taped, coded or stored (electrostatically, electromagnetically or otherwise), and any other data compilation from which this information can be obtained. Without limiting the generality of the foregoing, "document" shall include all computer disks, computer e-mails, computer printouts, correspondence, letters, telegrams, telephone messages, notices, notes of conversations, memoranda, reports, diaries, minutes, recitals, statements, work sheets, abstracts, resumes, summaries, notes, jottings, market data, books, journals, ledgers, audits, charts, diagrams, statutes, regulations, policies, procedures, rules, guidelines, manuals, handbooks, brochures, audio and/or video tapes, training materials, teaching materials, research documents, newspapers, appointment books, desk calendars, and expense reports. It also shall include drafts and non-identical copies of any such documents.

      G.     The term "relating" means connected with in any way, referring to, describing, concerning, addressing, dealing with, commenting upon, evidencing or constituting.

      H.     The term "students attending GW" shall refer to persons who: 1) participate in any learning activities affiliated with GW; <u>and</u> 2) who physically enter the GW Foggy Bottom campus at least once per year. This term includes, but is not limited to, full-time students, part-time students, undergraduate students, graduate students, students in professional programs, students enrolled in degree-granting programs, students enrolled in non-degree-granting programs, foreign exchange students, English as

a second language students, School Without Walls students, students abroad, continuous enrollment students, and Mt. Vernon housed students.

  I. The term "environmental quality" shall refer to air quality, pollution levels, noise levels, and automobile traffic density.

  J. The term "Foggy Bottom" shall refer to the District of Columbia neighborhood known as Foggy Bottom and/or the West End.

## DOCUMENTS TO BE PRODUCED

  1. All documents relied upon in the calculation of the following categories of GW students: full-time students, part-time students, undergraduate students, graduate students, students in professional programs, students enrolled in degree-granting programs, students enrolled in non-degree-granting programs, foreign exchange students, English as a second language students, School Without Walls students, students abroad, continuous enrollment students, and Mt. Vernon housed students.

  2. All documents relating to any investigation, assessment, measurement, or study of the environmental quality of Foggy Bottom and/or the GW Foggy Bottom campus between 2002 and the present.

  3. All Environmental Impact Statement Survey Forms completed and/or submitted by GW or on GW's behalf between 2002 and the present.

  4. All documents relating to information relied upon in the drafting and/or submission of any Environmental Impact Statement Survey Forms between 2002 and the present.