UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FOGGY BOTTOM ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>DISTRICT OF COLUMBIA OFFICE OF PLANNING, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Court No. 06 Civ. 0746 (PLF)<br>)<br>)<br>)<br>)<br>) |

**NOTICE OF DEPOSITION TO
THE DISTRICT OF COLUMBIA**

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, notice is hereby given by Plaintiff to the District of Columbia that Plaintiff will take the deposition of the District of Columbia, by and through its designee(s), by oral examination before a Notary Public, or some other person duly qualified to administer an oath, at the offices of undersigned counsel beginning at 10:00 a.m. on June 22, 2006, and continuing day-to-day until completed. Said deposition will be recorded by stenographic means.

In accordance with Rule 30(b)(6), the District of Columbia shall designate one or more officers, directors, managing agents, or other persons who will testify on its behalf regarding the matters described on the attached Exhibit A and shall set forth the matters on which each person designated will testify. The Definitions set forth on Exhibit A are integral to this

**Exhibit 7**

Notice and the designation required of the District of Columbia and should be reviewed carefully.

Respectfully submitted,

/s/ William Bode
William H. Bode (Bar No. 113308)
Peter Grenier (Bar No. 418570)
Stefan Shaibani (Bar No. 490024)
BODE & GRENIER, LLP
1150 Connecticut Avenue, N.W.
Ninth Floor
Washington, DC 20036
Tel: (202) 862-4300
Fax: (202) 828-4130
*Attorneys for Foggy Bottom Ass'n*

## **EXHIBIT A**

## DEFINITIONS

A.  As used herein, "you" shall mean the District of Columbia, its departments, subdivisions, employees, agents, assigns, and all persons purporting to act on its behalf.

B.  As used herein, "GW" refers to The George Washington University, and includes all employees, subdivisions, agents, assigns, or persons acting of its behalf.

C.  As used herein, "person" means a natural person, firm, proprietorship, association, partnership, chapter, corporation or any other type of organization or entity.

D.  As used herein, "environmental quality" refers to air quality, pollution levels, noise levels, and automobile traffic density.

E.  As used herein, "students attending GW" means persons who: 1) participate in any learning activities affiliated with GW; and 2) who physically enter the GW Foggy Bottom campus at least once per year.  This term includes, but is not limited to, full-time students, part-time students, undergraduate students, graduate students, students in professional programs, students enrolled in degree-granting programs, students enrolled in non-degree-granting programs, foreign exchange students, English as a second language students, School Without Walls students, students abroad, continuous enrollment students, and Mt. Vernon housed students.

F.  As used herein, "Foggy Bottom" means the District of Columbia neighborhood known as Foggy Bottom and/or the West End..

G.  As used herein, "document" means all materials so defined in the broadest sense of Fed. R. Civ. P. 34(a), and includes any written, printed, typed, recorded, or graphic matter, however produced or reproduced, of any kind or description; any other tangible thing by which information or data is stored, including any writing, drawing, film, graph, chart, photograph, phonograph record, mechanical or electrical sound recording or transcript thereof, computer printout or display; as well as any retrievable data or information (whether in computer storage or on computer hard-drive or disk), and all information carded, taped, coded or stored (electrostatically, electromagnetically or otherwise), and any other data compilation from which this information can be obtained.  Without limiting the generality of the foregoing, "document" shall include all computer disks, computer e-mails, computer printouts, correspondence, letters, telegrams, telephone messages, notices, notes of conversations, memoranda, reports, diaries, minutes, recitals, statements, work sheets, abstracts, resumes, summaries, notes, jottings, market data, books, journals, ledgers, audits, charts, diagrams, statutes, regulations, policies, procedures, rules, guidelines, manuals, handbooks, brochures, audio and/or video tapes, training materials, teaching materials, research documents, newspapers, appointment books, desk calendars, and expense reports. It also shall include drafts and non-identical copies of any such documents.

H.  As used herein, "communication" shall mean both written and oral exchanges

between or among any person or persons and/or entities, including but not limited to, transmittal of information in the form of facts, ideas, inquiries or otherwise, conversations, telephone calls, letters, notes, memoranda, reports, telegrams, confirmations, exhibits, drawings, sketches, and any other documents as earlier defined that constitute, confirm, embody, or in any way concern the communication.

     I.     As used herein, "investigation" means all inquiries, investigations (formal or informal, whether or not completed, ongoing, or suspended) and/or impositions of discipline, including, but not limited to, investigations by any private entity and/or any city, county, state and/or federal agency, including any police and/or sheriff's department.

     J.     As used herein, "and" and "or" shall mean "and/or" in every instance.

     K.     As used herein, "include" or "including" shall mean "including, but not limited to" in every instance.

     L.     The plural shall include the singular and the singular shall include the plural.

     M.     As used herein, "identify," when used with respect to persons, requests the following information: (1) full name; (2) current or last known business address; (3) current or last known business telephone number; (4) current or last known home address; (5) current or last known home telephone number; and (6) official title, capacity or position.

     N.     As used herein, "identify," when used with respect to documents, requests the following information: (1) type of document (*e.g.*, letter, telegram, memorandum); (2) subject matter of the document; (3) date of the document; and (4) author, signatory, addressee, and recipient of the document.

     O.     As used herein, "identify," when used with respect to investigations, requests the following information: (1) each person and/or entity (including title and rank) in any manner ordering or instituting it; (2) the reason for the inquiry and/or investigation; (3) the individuals responsible for supervising and/or conducting (or participating in conducting) the inquiry and/or investigation; (4) the present status of each such inquiry and/or investigation (ongoing, suspended, concluded, etc.); (5) the preliminary and/or final findings and conclusions of each such inquiry and/or investigation; (6) the outcome, consequences and results of each such inquiry and/or investigation; and (7) any report that has been, is being, or will be prepared.

     P.     As used herein, "concerning" and "concern," in every instance, shall mean regarding, pertaining to, relating to, referring to, reflecting, evidencing, or constituting.

SUBJECTS FOR EXAMINATION

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff will depose the following persons representing the District of Columbia with respect to the following areas of

inquiry:

1.  The person most knowledgeable concerning the December 7, 1999 memorandum from Bernard Bloom (Air Quality Division of the D.C. Department of Health) to Jim Sweeny (Hazardous Waste Division of the D.C. Department of Health) regarding "George Washington University Replacement Hospital Project Air Quality Impact."

2.  The person most knowledgeable concerning the data and/or documents relied upon in the drafting and/or publication of the memorandum referenced above.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# United States District Court
### DISTRICT OF COLUMBIA

**SUBPOENA IN A CIVIL CASE**

Foggy Bottom Association    V.    District of Columbia Office of Planning, et al.

CASE NUMBER:1  Civil Action No. 06-0746 (PLF)

To: The District of Columbia

Serve: Mayor Anthony Williams
John A. Wilson Building
1350 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Bode & Grenier, LLP, 1150 Connecticut Ave., NW, Ninth Floor, Washington, DC 20008 | June 22, 06 at 10 am |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) William Bode   Attorney for Plaintiff | DATE 5/26/06 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
William H. Bode, Bode & Grenier, LLP, 1150 Connecticut Ave., N.W., 9th Floor, Washington, D.C. 20036, 202-828-4100

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

1 If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                Date

_____
Signature of Server

_____
Address of Server

RULE 45, Federal Rules of Civil Procedure, Part C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney In breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit Inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition. hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may. within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service. serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. if objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. if objection has been made, the party Serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who Is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance:

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, Is employed or regularly transacts business in person, except that, subject to the provisions of clause (c}(3) (B) (iii) of this rule, such a person may In order to attend trial be commanded to travel from any such place within the state in which the trial Is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies. or

(vi) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial Information, or

(ii) requires disclosure of an un-retained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena. quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that Cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories In the demand.

(2) when information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.