LEXSEE 1998 U.S. DIST. LEXIS 10511

**Philadelphia Newspapers, Inc., Plaintiff, v. Gannett Satellite Information Network, Inc., d/b/a the Courier-Post, Defendant.**

CIVIL ACTION NO. 98-CV-2782

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

*1998 U.S. Dist. LEXIS 10511*

July 15, 1998, Decided
July 15, 1998, Filed

**DISPOSITION:** [*1] Philadelphia Newspapers, Inc.'s motion for expedited discovery DENIED.

**COUNSEL:** For PHILADELPHIA NEWSPAPERS, INC., PLAINTIFF: MARTIN J. BLACK, DECHERT, PRICE & RHOADS, PHILA, PA USA.

For GANNETT SATELLITE INFORMATION NETWORK, INC. d/b/a THE COURIER-POST, DEFENDANT: DAVID E. MILLS, KEVIN J. KUZAS, JAY P. WALTERS, DOW, LOHNES & ALBERTSON, WASHINGTON, DC USA.

For GANNETT SATELLITE INFORMATION NETWORK, INC. d/b/a THE COURIER-POST, DEFENDANT: MARK J. SEVER, JR., ARCHER & GREINER, PHILA, PA USA.

**JUDGES:** JOSEPH L. McGLYNN, JR., J.

**OPINIONBY:** JOSEPH L. McGLYNN, JR.

**OPINION: MEMORANDUM OF DECISION**

McGlynn, J.

July 15, 1998

Before the court in this trademark infringement action is plaintiff Philadelphia Newspapers, Inc.'s ("PNI") motion for expedited discovery. Defendant Gannett Satellite Information Network, d/b/a the Courier-Post ("Gannett") opposes the motion. For the following reasons, PNI's motion for expedited discovery is denied.

**I. BACKGROUND**

Plaintiff PNI is the publisher of two Philadelphia newspapers, The Philadelphia Inquirer and Philadelphia Daily News, and also publishes information and advertising on its website, "phillynews.com." On April 12, 1998, PNI introduced a new advertising product called the "TriClassifieds," which publishes a customer's classified listing in the Inquirer, the Daily News and on "phillynews.com" for a single price. In the past two months, PNI claims to have placed television, radio and print advertisements worth over $ 2 million to promote the "TriClassifieds." It contends these promotions made the "TriClassifieds" mark widely known and associated in the public [*2] eye with PNI's "TriClassifieds" product.

Defendant Gannett publishes newspapers across the country, including the Courier-Post, which is primarily distributed in three counties of southern New Jersey and also reaches certain portions of the Philadelphia metropolitan area. On or about May 7, 1998 -- 25 days after the introduction of the "TriClassifieds" -- the Courier-Post began marketing its classified section under the name, "Tri-County Classified." PNI contends the style, logo and layout of the Courier-Post's "Tri-County Classified" product deliberately copies PNI's "TriClassifieds" mark. PNI also claims certain advertisements run by the Courier-Post to promote its "Tri-County Classified" section copy similar advertisements by PNI for the "Tri-Classifieds."

PNI's amended complaint contains seven counts: (1) trademark infringement and unfair competition under § 43 of the Lanham Act, *15 U.S.C. § 1125*(a); (2) common law unfair competition; (3) violation of *N.J. Stat. Ann. § 56:4-1*, which provides injunctive relief in dilution cases; (4) dilution under § 43(c) of the Lanham Act, *15 U.S.C. § 1125*(c); (5) dilution under Pennsylvania's anti-dilution statute, 54 Pa. Con. Stat. Ann. [*3] § 1124; (6) dilution under New Jersey's anti-dilution statute, *N.J. Stat. Ann. §*

Exhibit 10

*56:3-13.20*; and (7) copyright infringement under the Copyright Act, *17 U.S.C. § 101* et seq. The thrust of PNI's prayer for relief is to enjoin Gannett from using "Tri-County Classified" or any related term for its classified advertising, and obtain damages, disgorgement of profits, costs and attorney's fees. A hearing on PNI's motion for a preliminary injunction is scheduled for July 30, 1998.

In anticipation of the hearing, PNI now seeks expedited discovery "to probe matters such as Gannett's intent in adopting the 'Tri-*County* Classified' mark and any evidence of actual confusion among Gannett's customers and potential customers." PNI Mem. of Law at 2.

## II. DISCUSSION

*Federal Rule of Civil Procedure 26* "provides very broad discovery and gives the trial court wide discretion to manage the process." *New York v. U.S. Metals Refining Co., 771 F.2d 796, 805 (3d Cir. 1985)*. PNI brings its motion under Rule 26(d) and Local Rule of Civil Procedure 16.1(a). Rule 26(d) provides, "unless the court upon motion, for the convenience of parties and witnesses and in the interests of justice, [*4] orders otherwise, methods of discovery may be used in any sequence." *Fed. R. Civ. P. 26(d)*. Local Rule 16.1(a) allows the court to order "variations from the pretrial procedures . . . to fit the circumstances of a particular case." E.D. Pa. R. Civ. P. 16.1(a).

There is scant authority on the standards governing the availability of expedited discovery in connection with an impending preliminary injunction hearing. n1 The district court in Ellsworth Associates, Inc. v. United States commented that "expedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings." *917 F. Supp. 841, 844 (D.D.C. 1996)* (citing *Optic-Electronic Corp. v. United States, 683 F. Supp. 269, 271 (D.D.C. 1987); Onan Corp. v. United States, 476 F. Supp. 428, 434 (D. Minn. 1979))*. Expedited discovery has been ordered where it would "better enable the court to judge the parties' interests and respective chances for success on the merits" at a preliminary injunction hearing. *Edudata Corp. v. Scientific Computers, Inc., 599 F. Supp. 1084, 1088 (D. Minn. 1984)*, aff'd in part, rev'd in part on other grounds, *746* [*5] *F.2d 429 (8th Cir 1985)*; see also *Ellsworth Assocs., 917 F. Supp. at 844* (ordering expedited discovery where it would "expedite resolution of [plaintiffs'] claims for injunctive relief").

---

n1 An often-cited case on the subject of expedited discovery is *Notaro v. Koch, 95 F.R.D. 403 (S.D.N.Y. 1982)*. There, the district court enumerated four factors for determining the propriety of expedited discovery:

> (1) irreparable injury, (2) some probability of success on the merits, (3) some connection between expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted.

*Id. at 405*.

The court in Notaro "borrowed the test for granting a preliminary injunction and applied it to requests for expedited discovery." *Crown Crafts, Inc. v. Aldrich, 148 F.R.D. 151, 152 (E.D.N.C. 1993)*. Because PNI's purpose in seeking expedited discovery is to gather evidence for the upcoming preliminary injunction hearing (see PNI Reply Mem. at 3), the Notaro factors are inappropriate here.

[*6]

However, courts generally deny motions for expedited discovery when the movant's discovery requests are overly broad. See *Irish Lesbian & Gay Org. v. Giuliani, 918 F. Supp. 728, 730-31 (S.D.N.Y. 1996)* (denying expedited discovery which was a "broadside not reasonably tailored to the time constraints under which both parties must proceed or the specific issues that will be determined at the preliminary injunction hearing"); *Scattergood v. Perelman, 1990 U.S. Dist. LEXIS 6482, CIV. A. No. 90-3451, 1990 WL 72801, at *7 (E.D. Pa. May 29, 1990)* (citing *Advent Sys. Ltd. v. Unisys Corp., 1988 U.S. Dist. LEXIS 4032, No. 88-3100 (E.D. Pa. May 11, 1988))*; cf. *Ellsworth Assocs., 917 F. Supp. at 844* (granting plaintiff's "narrowly-tailored" request for expedited discovery).

The above-mentioned criteria weigh against allowing expedited discovery in this case. PNI seeks discovery on: "(1) Gannett's intent to copy and deceive, (2) actual and likely confusion among classified advertising consumers, and (3) the strength of PNI's 'TriClassifieds' mark." PNI Reply Memo. at 2. These subjects are indeed probative of the issues to be addressed at the preliminary injunction hearing. The problem with PNI's discovery requests is that they are [*7] wholly overbroad in scope.

Case 1:06-cv-00746-PLF    Document 17-11    Filed 05/26/2006    Page 3 of 3

Page 3
1998 U.S. Dist. LEXIS 10511, *

In its proposed order, PNI suggests that "the parties shall be able to take depositions on five business days notice or at such other time as is mutually convenient" and "the parties shall respond to written discovery within five business days of service." PNI Proposed Order. Gannett objects that this is "a blank check to take unspecified, unlimited discovery." Gannett Mem. of Law at 1. In response, PNI has submitted a "Set of Interrogatories" and a "Request for Production of Documents" which it intends to serve upon Gannett if its motion is granted. While PNI contends the requests in these documents are narrowly tailored, close examination reveals otherwise.

The interrogatories include questions meant to identify all Courier-Post personnel connected with originating or administering the "Tri-County Classified" product n2 as well as any potential witnesses Gannett intends to call at trial and pretrial hearings, presumably so that PNI can depose these individuals before the July 30th hearing. PNI Reply Mem. Ex. A, Plaintiff's First Set of Interrogatories. The number of depositions this information might spawn is daunting, and inappropriate with the preliminary [*8] injunction hearing a mere 15 days away.

---

n2 For example, PNI asks for a description of "the organization structure of the *Courier-Post* department responsible for classified advertising, including the identity, title, and responsibility of each person who works in the department." PNI Reply Mem. Ex. A. at 6. PNI further asks Gannett to identify anyone: (1) "who has knowledge of the facts alleged in the Amended Complaint and describe the subjects about which they have knowledge" (id. at 5); (2) "who participated in any way in the decision making process that led Gannett to publish the advertisement" (id. at 9); and (3) "who has taken orders for classified advertisements in the *Courier-Post* since April 1, 1998." Id. at 7.

---

Further, PNI's document request is potentially quite sizable. It essentially asks for all documents having any connection to the Courier-Post's "Tri-County Classified" product and PNI's "TriClassifieds," documents establishing the Courier-Post's sales volume and geographic distribution [*9] from January, 1997 (well before PNI's "TriClassified" product was unveiled) to the present, and all documents implicated in PNI's first set of interrogatories. See PNI Reply Mem. Ex. B, Plaintiff's First Set of Requests for Production of Documents. As with PNI's interrogatories, the court will not burden Gannett with potentially voluminous document production so shortly before the July 30th hearing.

Notably absent from PNI's motion and supporting briefs are definitive limitations on the scope of the sought-after discovery. Without reasonable boundaries, the court will not order time-consuming discovery before the period prescribed in Rule 26(d).

### III. CONCLUSION

For the foregoing reasons, PNI's motion to expedite discovery is denied.

### ORDER

AND NOW, this 15th day of July, 1998, upon consideration of Philadelphia Newspapers, Inc.'s motion for expedited discovery, and Gannett Satellite Information Network, Inc.'s reply thereto, it is hereby

**ORDERED** that the motion is **DENIED**.

BY THE COURT:

JOSEPH L. McGLYNN, JR., J.