UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FOGGY BOTTOM ASSOCIATION )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA OFFICE OF )<br>PLANNING, *et al.*, )<br>)<br>Defendants. )<br> ) | Civil Action No. 06-746 (PLF) |

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Defendants (collectively, "the District" or "the government"), by and through undersigned counsel, respectfully submit this Memorandum of Points and Authorities in opposition to Plaintiff's Motion for Leave to Amend Complaint, pursuant to LCvR 7(b).

The amendments proposed by plaintiff would be futile since they neither address nor cure the infirmities which warrant the dismissal of plaintiffs' claims, the grounds for which were fully set forth in defendants' previously filed motion to dismiss, which motion is equally applicable to plaintiffs' amended complaint, and which is incorporated herein by reference. A Proposed Order is also provided.

In support of the instant opposition, the Defendants state as follows:

1. The Complaint was filed in this matter on April 24, 2006.

2. The District filed its Motion to Dismiss on May 19, 2006, to which plaintiff has not yet responded. A decision on the District's dispositive motion is pending.

3. On May 26, 2006, plaintiff filed its Motion for Leave to Amend Complaint, in order to add the District of Columbia as a party to this action, and to allege monetary damages and "physical invasions."

4. Fed. R. Civ. P. 15 gives courts extensive discretion to decide whether to grant leave to amend or supplement a pleading. *See Wright v. Herman*, 2005 WL 1692706, at *10 (D.D.C. July 19, 2005) ("court has broad discretion in determining whether to allow supplemental pleadings in the interests of judicial economy and convenience.") (citing *United States v. Hicks*, 283 F.3d 380, 385 (D.C. Cir. 2002); *Miller v. Air Line Pilots Ass'n Int'l,* 2000 WL 362042, at *1 (D.D.C. Mar. 30, 2000)). *Cf. Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996) (court's discretion similar under Rules 15(a) and 15(d)).

5. Plaintiff is generally correct that amendments should be "freely" allowed. *See, e.g., Harris v. Secretary of Veterans Affairs*, 126 F.3d 339, 344 (D.C. Cir. 1997) (citing *Foman v. Davis*, 371 U.S. 178 (1962)).

6. However, a court does not abuse its discretion if it denies leave to amend or supplement based on "futility." *Richardson v. United States*, 193 F.3d 545, 549 (D.C. Cir. 1999) (citing *Foman*); *Atchinson v. District of Columbia*, 73 F.3d 418, 427 (D.C. Cir. 1996).

7. Similarly, a court may deny leave to amend or supplement, on futility grounds, if the proposed amendment could not withstand a motion to dismiss. *See, e.g., Nat'l Wrestling Coaches Ass'n v. U.S. Department of Education*, 366 F.3d 930, 945 (D.C. Cir. 2004) (citing *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996)); *Inner City Broadcasting Corp. v. Cardenas*, 554 F. Supp. 42, 47 (D.D.C. 1982), *judgment rev'd on other grounds*, 733 F.2d 154 (D.C. Cir. 1984).

8. Futility of amending or supplementing pleadings can take other forms as well. For instance, a proposed amended pleading may be rejected "if it merely restates the same facts as in the original." *Boyd v. Grassmick*, 216 F.R.D. 166, 167–68 (D.D.C. 2003) (citing *Robinson v. Detroit News, Inc.*, 211 F.Supp.2d 101, 114 (D.D.C.2002)). *See also Bauchman v. West High School*, 132 F.3d 542, 561–62 (10th Cir. 1997) (proposed amendment was futile, and thus was properly disallowed by the district court, as there was no material difference between the original and amended complaints), *cert. denied*, 524 U.S. 953 (1997); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 132 (2nd Cir. 1993) (trial court did not abuse its discretion in denying leave to amend where new pleading elaborated on previous allegations but failed to allege any additional "significant facts"); *Sierra Club v. Pena*, 915 F.Supp. 1381, 1387 (D. Ohio 1996) (leave to amend properly denied where amended pleading could not result in new or additional recovery, when motion for summary judgment was pending and amendment would delay disposition, and when most of the additional complaints were little more than restatements of counts previously presented).

9. Here, the proposed amended complaint suffers from all the defects of those properly rejected in the cases cited above—there is no difference between the original and proposed amended complaints that would change any of the material grounds for dismissal of the Complaint based on Defendants' Motion to Dismiss. Plaintiff seeks to "update" its complaint with technical matters that have little or no impact. For instance, plaintiff seeks to drop its claims based on the National Historic Preservation Act, but that proposed action would still leave the majority of plaintiff's causes of action based on local law.

10.  Defendants have moved to dismiss because plaintiff, *inter alia*, lacks standing, did not suffer a taking or any concrete damages, has not exhausted its local administrative remedies, and because the Court should abstain under the *Younger* doctrine.

11.  Both plaintiff's complaint and amended complaint are an attempt to shoehorn local-law claims into federal court, in advance of the District issuing final administrative orders on the land-use issues which are the subject of plaintiff's claims.  Plaintiff's proposed amendments neither address nor cure the infirmities which warrant the dismissal of their claims, the grounds for which were fully set forth in defendants' previously filed motion to dismiss, which motion is equally applicable to plaintiffs' amended complaint.

12. For the above-stated reasons and for those set forth in defendants' pending motion to dismiss, plaintiff's Motion for Leave to Amend Complaint should be denied as the proposed amendments are futile.

DATE:  June 6, 2006

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/ Richard S. Love_____
RICHARD S. LOVE, D.C. Bar No. 340455
Chief, Equity I Section

_____/s/ Andrew J. Saindon_____
ANDREW J. SAINDON, D.C. Bar No. 456987
Assistant Attorney General
Equity 1 Section
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 727-0431

-5-

      /s/ John D. Dodge
JOHN D. DODGE, D.C. Bar No. 451305
Assistant Attorney General
Equity 1 Section
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6627
Facsimile: (202) 727-0431