UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FOGGY BOTTOM ASSOCIATION )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA OFFICE OF )<br>PLANNING, *et al.*, )<br>)<br>Defendants. )<br>) | Civil Action No. 06-746 (PLF) |

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO
PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY
AND IN REPLY TO
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY

Pursuant to LCvR 7(b) and 7(d), the defendants (collectively, "the District" or "the government"), by and through counsel, respectfully submit their combined Opposition to plaintiff's Motion for Expedited Discovery and Reply to plaintiff's Opposition to the District's Motion to Stay Discovery.

The reasons why plaintiffs should not, at this time, be allowed to conduct discovery at all, let alone expedited discovery, are fully set forth in Defendants' Motion to Stay Discovery, filed on May 23, 2006, which is incorporated herein by reference. In that motion, defendants demonstrated that: (1) the issues raised in defendants' pending dispositive motion are issues of law that do not involve issues of disputed fact; (2) granting defendants' dispositive motion will resolve this case; and (3) plaintiff has yet to state a claim upon which relief can be granted, as its claims here are substantively meritless and entirely local in character. Plaintiff has added

nothing in its recent filings that justifies expedited discovery or that refutes the legal arguments already stated in defendants' Motion to Stay Discovery.

In addition, plaintiff never details why it needs discovery *from the District* here; the only things it says it "requires" is information from George Washington University ("GWU") itself. P. Mem. at 13. Plaintiff does not explain why the discovery must be expedited, aside from its conclusory assertions. Plaintiff admits that the only event of consequence here will not occur until September 14, 2006, when the public hearing on GWU's applications will begin. Plaintiff nowhere says that it needs discovery to respond to defendants' Motion to Dismiss, implicitly acknowledging that ONLY legal issues are at stake, which can be fully resolved on the papers.

Plaintiff cites no controlling case law supporting its request for expedited discovery, and fails to set forth—let alone meet—the standard for allowing such extraordinary discovery.

Federal courts apply two commonly recognized tests to determine if expedited discovery is appropriate. *Diability Rights Council of Greater Washington v. Washington Metropolitan Area Transit Authority*, 234 F.R.D. 4, 6 (D.D.C. 2006). Under the more stringent *Notaro* test, a plaintiff seeking expedited discovery must demonstrate (1) irreparable injury, (2) some probability of success on the merits, (3) a connection between the expedited discovery and the avoidance of the irreparable injury, and (4) evidence that the injury resulting without such discovery "looms greater" than it would if expedited discovery were to be granted. *Id.* (citing *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982)); *In re Fannie Mae Derivative Litig.*, 227 F.R.D. 142 (D.D.C. 2005).

Under the "reasonableness" test, courts consider the reasonableness of the request for expedited discovery in light of the entire record and all the surrounding circumstances. *Disability Rights*, 234 F.R.D. at 6 (citations omitted). Factors commonly considered include whether a

preliminary injunction is pending, the purpose for requesting the expedited discovery, and the burden on defendants to comply. *Id*. (citing, *inter alia*, *In re Fannie Mae*, 227 F.R.D. at 143 (D.D.C. 2005)).

Plaintiff fails under either analysis.

Plaintiff has shown no irreparable injury, has little chance of success on the merits of its predominately local claims, and has failed to show any connection whatever between the expedited discovery sought and the avoidance of any irreparable injury. Plaintiff has not identified (nor can it prove) "any irreparable injury which will occur in the absence of the expedited discovery." *Sinclair Nat'l Bank v. Office of the Comptroller of the Currency*, 2000 WL 34012862 at *3 (D.D.C. 2000). *See also id*. at *4 (expedited discovery denied because plaintiff failed to make "some *prima facie* showing of need for the expedited discovery") (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000)).

Moreover, there is no preliminary injunction in place, and responding to plaintiff's expedited discovery here would be unduly burdensome for a number of reasons, not the least of which is that all the requested information (and likely much more) can be and will be requested and produced in the pending administrative proceedings. Plaintiff never explains *why* it wants the expedited discovery, aside from its conclusory demand. The expedited discovery requests "appear to be a thinly veiled attempt to circumvent the normal litigation process."[1]

Similarly, plaintiff all but admits that its request for preliminary injunction is moot, in that it claims that the District has already said it will not grant GWU a new campus plan until GWU is in compliance with the old one—exactly the relief plaintiff seeks here. *Id*. at 15.

---

[1] "Surely, plaintiffs are not seeking expedited discovery to gain evidence to get the court to preserve the *status quo*. They want to gather all the evidence they would need to radically transform the *status quo*, on an expedited basis." *Disability Rights*, 234 F.R.D. at 7.

Contrary to the implications of plaintiff, there was NO discovery on the takings issue in the federal litigation in *George Washington Univ. v. District of Columbia*, 391 F.Supp.2d 109 (D.D.C. Sep 16, 2005) (on remand).

The very limited discovery allowed there involved the Federal Educational Rights in Privacy Act, *codified at* 20 U.S.C. § 1232g, which GWU had claimed it would be required to violate in order to comply with the conditions in the BZA Order. The court ultimately rejected that claim (as it did all the other GWU claims remaining after GWU's appeal to the Circuit).

The gist of plaintiff's claim here is that GWU's actions negatively impact plaintiff's members' property rights, but plaintiff does not need discovery *from the District* to prove that. As a matter of law and simple logic, plaintiff itself would ultimately have the burden of demonstrating that alleged impact by showing reduced property values, etc. The lack of any evidence of the harms alleged leads to the reasonable inference that there are none—if there were, plaintiff should already have produced that evidence (which is the burden in a preliminary injunction, to come into court with sufficient evidence to support the grant of emergency injunctive relief). *See, e.g.*, *Nat'l Assn. of Psychiatric Health Sys. v. Shalala*, 120 F.Supp.2d 33, 44 & n.9 (D.D.C. 2000) (preliminary injunction denied where plaintiffs "offer[ed] no concrete, reliable evidence to support their contentions of irreparable harm.").

Based on the above and those points and authorities already presented to the Court in support of defendants' Motion to Stay Discovery, the District respectfully requests that this Court grant defendants' Motion to Stay Discovery, and deny plaintiff's Motion for Expedited Discovery.

DATE:  June 6, 2006                Respectfully submitted,

                                            ROBERT J. SPAGNOLETTI
                                            Attorney General for the District of Columbia

-5-

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


    /s/ Richard S. Love
RICHARD S. LOVE, D.C. Bar No. 340455
Chief, Equity I Section


    /s/ Andrew J. Saindon
ANDREW J. SAINDON, D.C. Bar No. 456987
Assistant Attorney General
Equity 1 Section
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 727-0431


    /s/ John D. Dodge
JOHN D. DODGE, D.C. Bar No. 451305
Assistant Attorney General
Equity 1 Section
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6627
Facsimile: (202) 727-0431