UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FOGGY BOTTOM ASSOCIATION | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 06-746 (PLF) |
| DISTRICT OF COLUMBIA OFFICE OF PLANNING, *et al.*, | ) | |
| Defendants. | ) | |

### DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Pursuant to LCvR 7(d), defendants (collectively, "the District") hereby reply briefly to Plaintiff's Opposition to Defendants' Motion to Dismiss as follows:

1.  In its Opposition, plaintiff effectively concedes that there is no need for emergency injunctive relief here, as it failed entirely to respond to the District's arguments regarding the lack of an imminent threat of irreparable injury. Moreover, plaintiff did not object to the setting of a hearing some five weeks from now, utterly contradicting its claim that there is a current "emergency" here demanding immediate relief.

2.  Plaintiff now purports to demand "damages" from the District for its injuries, and has moved for leave to amend its complaint to so allege. The District avers that if plaintiff was actually concerned with compensation, it would have asserted such a demand up-front in its original papers. Plaintiff's amendment is sought solely in an attempt to survive defendants' dispositive motion, but plaintiffs' efforts are futile. *See* Defendants' Opp. to Plaintiff's Motion for Leave to Amend Complaint.

3. Plaintiff's plan to now allege an actual, physical "invasion" under *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419 (1982), is equally unavailing, as its own authority (and common sense) make clear. *See* P. Opp. at 13 ("A physical invasion occurs whenever 'an intrusion [is] so immediate and direct as to subtract from the owner's full enjoyment of the property and to limit his exploitation of it.'") (quoting *United States v. Causby*, 328 U.S. 256, 265 (1946)). The District avers that, even assuming that this test is currently controlling and apposite here, plaintiff cannot meet it as a matter of law.

4. Plaintiff does not actually seek compensation for a "taking" of its property for a lawful public use, but rather an injunction to correct what it asserts is arbitrary government inaction, an "inexplicable failure to enforce" the District's zoning laws. P.I. Mem. at 19.

5. But the Supreme Court, just last year, forcefully noted that such a claim was *not* one for a "taking," and such a plaintiff faces a dramatic burden. *Lingle v. Chevron U.S.A., Inc.*, 544 U.S. ___, 125 S.Ct. 2074, 2085 (May 25, 2005):

> [Plaintiff] has not clearly argued—let alone established—that it has been singled out to bear any particularly severe regulatory burden. Rather, the gravamen of [plaintiff]'s claim is simply that [the government's action] will not actually serve the State's legitimate interest . . . . Whatever the merits of that claim, it does not sound under the Takings Clause. [Plaintiff] plainly does not seek compensation for a taking of its property for a legitimate public use, but rather an injunction against the enforcement of a regulation that it alleges to be fundamentally arbitrary and irrational.

*Id*. at 2085. *See also Kelo v. City of New London, Connecticut*, 545 U.S. ___, 125 S.Ct. 2655, 2667 (2005) (to succeed on a takings claim, a plaintiff must prove that it faces a "severe" burden) (citing *Lingle*).

6. Here, plaintiff essentially asserts the converse—that the District's "lack of enforcement" itself is arbitrary and irrational. But plaintiff's Opposition, like all its filings to date, fails to cite a single case supporting its theory that the District's allegedly inadequate

regulation of neighboring property is an unconstitutional "taking" of its own property. Plaintiff's allegations are insufficient as a matter of law to state a claim under the Constitution.

7. Just nine months ago, Judge Oberdorfer held that the District's *direct* regulation of GWU (determining what it can and cannot do with its property) is not a "taking." *George Washington Univ. v. District of Columbia*, 391 F.Supp.2d 109, 112–14 (D.D.C. 2005). Logically, then, the failure to fully enforce that regulation (which the District does not concede) cannot be a taking. Moreover, Judge Oberdorfer engaged in the analysis required by *Penn Central Transp. Co. v. New York City*, 438 U.S. 104 (1978), *without* allowing discovery. The Court here can and should do the same.

8. Surely plaintiff does not assert that the residential real-estate market in the District generally or in the Foggy Bottom area has suffered in the last five or ten years such that its members are denied reasonable economic returns on their investments. Plaintiff appears to argue that, if the District's enforcement of its zoning laws against GWU had been more vigorous, its members' properties would be worth even more. But such an allegation does not state a claim under the Constitution.

9. "[W]hen governmental action 'does not interfere in any way with the present uses' of the property, and when that action allows the owner 'not only to profit from the [property] but also to obtain a reasonable return on its investment,' there is an insufficient economic effect to warrant compensation." *District Intown Prop. L.P. v. District of Columbia*, 23 F.Supp.2d 30, 38–39 (D.D.C. 1998), (quoting *Penn Central*, 438 U.S. at 136 (citations omitted)), *affirmed*, 198 F.3d 874 (D.C.Cir.1999).

10. Similarly, the "character of the government action" element is overwhelmingly in the District's favor. *See, e.g., JMM Corp. v. District of Columbia*, 378 F.3d 1117, 1126 (D.C.

Cir. 2004) (The Supreme Court "has also found that the enforcement of zoning regulations, like those at issue here, constitutes an important state interest.") (citations omitted). *See also, e.g., Tahoe-Sierra Preservation Council v. Tahoe Regional Planning Agency*, 535 U.S. 302, 323 (2002) (A regulatory taking will *not* be found where the government's action "advances a substantial government interest . . . ."); *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 704 (1999) (same). *Cf. Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, 1015 (1992) (regulatory takings are found only "where regulation denies all economically beneficial or productive use of land").

11.    For the foregoing reasons, and those presented in the motion, the District's Motion to Dismiss should be granted.

DATE:  June 16, 2006                    Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

      /s/ Richard S. Love      
RICHARD S. LOVE, D.C. Bar No. 340455
Chief, Equity I Section

      /s/ Andrew J. Saindon      
ANDREW J. SAINDON, D.C. Bar No. 456987
Assistant Attorney General
Equity 1 Section
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 727-0431
andy.saindon@dc.gov

    /s/ John D. Dodge
JOHN D. DODGE, D.C. Bar No. 451305
Assistant Attorney General
Equity 1 Section
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6627
Facsimile: (202) 727-0431
john.dodge@dc.gov