UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FOGGY BOTTOM ASSOCIATION | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 06-746 (PLF) |
| DISTRICT OF COLUMBIA OFFICE OF PLANNING, *et al*., | ) ) ) ) | |
| Defendants. | ) ) | |

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT

Defendants (collectively, "the District" or "the government"), by and through undersigned counsel, respectfully submit this Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss First Amended Complaint, pursuant to LCvR 7(d).

The infirmities in the First Amended Complaint ("FAC") are manifest, and while defendants are reluctant to add to the burden imposed on the Court by plaintiff's hundreds of pages of filings here, plaintiff's most recent fanciful allegations and misstatements of the law require some response, however minimal. In support of the instant Reply, the Defendants state briefly as follows:

1. Preliminarily, plaintiff makes a number of new factual allegations in its Opposition, not previously articulated in the FAC. For instance, plaintiff alleges that GWU students occupy residential units within Foggy Bottom, and "congregate and physically occupy residential common areas" which "prevents plaintiff's members from utilizing the benefits of such common areas." P.Opp. at 2–3. But such nonsensical allegations border on the specious. Plaintiff has not

alleged that the properties it references are owned by it or its members and, even if it had, the students it objects to are paying rent to those owners and thus have the same "right" to occupancy as any other tenant.

2. Plaintiff similarly complains that the students "occupy residential parking spaces on private property." *Id*. at 3. Presumably, those paying rent for (or owning) those parking spaces are entitled to determine who uses them. To the extent plaintiff complains that the students' occupation of on-street parking spaces "deprives" plaintiff's members of access to those spaces, the District would be surprised to find any case law supporting such a theory of ownership of public property.

3. Plaintiff complains again of the "multiple physical invasions" into its members' properties as a result of GWU's actions. *Id*. at 9. But plaintiff, again, has failed to cite a single case—from anywhere—where any court has found a "taking" on the basis of an "intrusion" of the type alleged here.

4. Plaintiff also fundamentally mistakes District zoning law. Plaintiff alleges that the defendants have "repeatedly acknowledged that they may not lawfully consider GW's new campus plan during a period of noncompliance." *Id*. at 3–4. But the BZA Order only states that "[n]o special exception shall be granted and no permit to construct or occupy buildings for nonresidential use on campus may be issued" if GWU is not in compliance with the existing plan. *See* BZA Corrected Final Order on Remand, Application No. 16553F ("BZA Order"), at 21 (copy attached as Exhibit C to Plaintiff's Motion for Preliminary Injunction). The Order does not prevent the *consideration* of a new campus plan, but prohibits the *grant* of such a plan if GWU is out of compliance. If the law prohibited the District from even *considering* GWU's new campus

plan, there would be no process for GWU to demonstrate (and others to contest) that it was in compliance with the existing plan. Plaintiff's proposition is illogical at best.

5. Moreover, GWU is not requesting a "special exception" to construct anything; it has asked for a first-stage Planned Unit Development ("PUD"), a PUD-related map amendment, and a new campus plan. *See* P.Opp. at 4 (discussing GWU's request to rezone Square 54). Consequently, the condition plaintiff obliquely references does not, by its very terms, apply to a request to rezone.[1]

6. Plaintiff's extended arguments of the minutiae of local zoning law are a clear—if inadvertent—indication of the propriety of local consideration of these issues.

7. "The egregious extent of GW's violations of the District's zoning laws cannot be understated." P.Opp. at 8. But it can clearly be overstated, as plaintiff has done here, as witnessed by its last two filings, encompassing almost 200 pages of immaterial information. Zoning is about balancing the interests of local property owners, a quintessentially local act best left to local authorities. *See, e.g., Village of Belle Terre v. Boraas*, 416 U.S. 1, 13 (1974) (Marshall, J., dissenting) ("I am in full agreement with the majority that zoning . . . may indeed be the most essential function performed by local government").

---

[1] Plaintiff also appears to imply that the defendants have no discretion in enforcing the BZA Order against GWU. Plaintiff is mistaken. *See* BZA Order at 21 ("Condition 20 of the March 29, 2001, Order shall apply to violations of this condition."). Condition 20 of the March 29, 2001, Order (copy attached as Exhibit C to Plaintiff's Motion for Preliminary Injunction) reads, in part: "No special exception application filed by [GWU] for further processing under this plan may be granted unless [GWU] proves that it has consistently remained in substantial compliance with Conditions 1 through 19 set forth in this Order." *See also, e.g.,* Zoning Commission Order No. 02-26, Case No. 02-26 (Application by GWU for Further Processing of an Approved Campus Plan), 51 D.C. Reg. 11931–39 (Dec. 31, 2004) (approving request to modify conditions of BZA Order, despite what ANC called GWU's "apparent lack of compliance" with that Order).

8. Plaintiff also erroneously insists that the District contested the factual bases of plaintiff's takings claim. What the District did, however, was to simply assume the truth of plaintiff's allegations, as it is required to do on a motion to dismiss, and point out that those allegations do not rise to the level necessary to make out a takings claim. To show a taking, a plaintiff must demonstrate "a substantial loss of property value." *George Washington Univ. v. District of Columbia*, 391 F.Supp.2d 109, 113 (D.D.C. 2005). Here, plaintiff has not even alleged such a substantial loss of property value, and thus has failed to state a claim upon which relief may be granted.

9. Judge Oberdorfer resolved GWU's much more factually complicated takings claims *without* discovery. *Id. at* 112–14. This Court should do the same. Merely parroting the "magic words" in case law is insufficient for plaintiff to be awarded discovery here. Its allegations—even if true—simply do not rise to the level necessary to make out a constitutionally cognizable claim.

10. The *ad hoc* analysis of regulatory takings claims required under *Penn Central Transp. Co. v. New York City*, 438 U.S. 104 (1978), does not require discovery, and plaintiff has cited no case for that proposition. Plaintiff is simply wrong as to the pleading standard necessary to obtain discovery in a regulatory takings claim. There must be some threshold allegation of a substantial deprivation of property. Otherwise, as is the case here, *any* property owner could sue the government alleging a "taking," no matter how inconsequential, and thus require the government to endure pointless and resource-consuming discovery. But, fortunately, that is not the law, and plaintiff, again, has not provided any controlling case law for such a startling proposition.

11. Plaintiff will be able to present any evidence it wants before the Zoning Commission; evidence it has (or should have) in its possession—the "damages" allegedly suffered by its

members as a result of the actions of GWU. Plaintiff needs no discovery *from the District* to make that presentation.[2]

| | |
|---|---|
| DATE: July 25, 2006 | Respectfully submitted, |
| | ROBERT J. SPAGNOLETTI<br>Attorney General for the District of Columbia |
| | GEORGE C. VALENTINE<br>Deputy Attorney General<br>Civil Litigation Division |
| |      /s/ Richard S. Love<br>RICHARD S. LOVE, D.C. Bar No. 340455<br>Chief, Equity I Section |
| |      /s/ Andrew J. Saindon<br>ANDREW J. SAINDON, D.C. Bar No. 456987<br>Assistant Attorney General<br>Equity 1 Section<br>441 Fourth Street, N.W., 6th Floor South<br>Washington, D.C. 20001<br>Telephone: (202) 724-6643<br>Facsimile: (202) 727-0431 |
| |      /s/ John D. Dodge<br>JOHN D. DODGE, D.C. Bar No. 451305<br>Assistant Attorney General<br>Equity 1 Section<br>441 Fourth Street, N.W., 6th Floor South<br>Washington, D.C. 20001<br>Telephone: (202) 724-6627<br>Facsimile: (202) 727-0431 |

---

[2] Evidence of plaintiff's confusion is abundant. For example, plaintiff discusses *Merkuria v. Washington Metropolitan Area Transit Authority*, 45 F.Supp.2d 19 (D.D.C. 1999), extensively, but appears to believe that defendant there is a District government agency, referring to it repeatedly as "the District." P.Opp. at 12. The "Metro," of course, is a *sui juris* entity created by "interstate compact," whose governing board is comprised of members from all local jurisdictions. *See* 74 Stat. 1031, Pub. L. 86-794, § 1 (Sept. 15, 1960). *See also, e.g., Barbour v. Washington Metropolitan Area Transit Authority*, 374 F.3d 1161, 1163 (D.C. Cir. 2004).

    Simply put, plaintiff cannot overcome the high threshold set by case law to proceed to discovery here. *Merkuria*, 45 F.Supp.2d at 28–29 (taking found on showing, *inter alia*, of "serious economic harm" and "significant economic losses").